**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYRVIN RODRIGUEZ, | Case No.: 13-CV-01555-LHK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States; ROBIN F. BAKER, in his official capacity as Field Office Director in charge of the Otay Detention Facility, | |
| Defendants. | |

Petitioner Hyrvin Rodriguez ("Petitioner"), who is currently being held in "immigration hold" by United States Immigration and Citizenship Enforcement ("ICE"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* Docket No. 1 ("Petition").[1]  The Court hereby ORDERS Respondents Eric H. Holder, Jr., Attorney General of the United States, and Robin F. Baker, Field Office Director with responsibility for the Otay Detention Facility, ("Respondents") to show cause why a writ of habeas corpus should not be granted.

---

[1] Petitioner was required to file his Petition electronically.  *See* ECF No. 2 (Clerk's notice regarding Petitioner's failure to electronically file the Petition).  Petitioner is ORDERED to electronically file his Petition within seven (7) days of this Order.

1

Case No.: 13-CV-01555-LHK
ORDER TO SHOW CAUSE

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      DISCUSSION

### A.      Standard of Review

This Court has the power to grant habeas corpus relief.  *See* 28 U.S.C. § 2241.  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### B.      Petitioner's Claims

As grounds for habeas relief, Petitioner claims that Petitioner pled guilty to a felony in California State Court in 2007.  Petition at 2.  Petitioner was released in 2011 after serving four year sentence.  *Id.*  Petitioner was immediately taken into custody by ICE and is currently being held in mandatory immigration detention pending a final order of removal.  *Id.* at 9.  Petitioner states that he is "presently seeking a timely Petition for Review filed in the U.S. Court of Appeals for the Ninth Circuit pursuant to 8 U.S.C. § 1252(b)."  *Id.* at 2.

Petitioner claims he is entitled to habeas corpus relief because Petitioner's trial counsel failed to provide effective assistance of counsel.  *Id.* at 11.  Specifically, Petitioner contends that trial counsel: (1) failed to minimally investigate the immigration consequences of the plea and misadvised petitioner regarding the plea bargain, *id.* at 14, and (2) failed to properly advise Petitioner and to attempt to negotiate a plea to mitigate the immigration consequences, *id.* at 21.  The Court orders Respondents to show cause why the petition should not be granted.

## II.      CONCLUSION

1.      The Clerk shall serve by mail a copy of this order, Petitioner's Petition (ECF No. 1) and all attachments thereto upon the Respondents.  The Clerk shall also serve a copy of this order on Petitioner.

2.      Respondents shall file with the Court and serve on Petitioner, within sixty (60) days of the date this order is filed, an answer showing cause why a writ of habeas corpus should not be granted.  Respondents shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  In responding to the Petition, Respondents

Case No.: 13-CV-01555-LHK
ORDER TO SHOW CAUSE

shall address whether this Court has jurisdiction to grant habeas review in light of Petitioner's pending Petition to the Ninth Circuit.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondents within thirty days of the date the answer is filed.  In responding to the answer, Petitioner shall address whether this Court has jurisdiction to grant habeas review in light of Petitioner's pending Petition to the Ninth Circuit.

3.      Respondents may file a motion to dismiss on procedural grounds in lieu of an answer within sixty days of the date this order is filed.  If Respondents file such a motion, Petitioner shall file with the Court and serve on Respondents an opposition or statement of non-opposition within thirty days of the date the motion is filed, and Respondents shall file with the Court and serve on Petitioner a reply within fifteen days of the date any opposition is filed.

4.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondents by mailing a true copy of the document to Respondents' counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  Petitioner must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 14, 2013

_Lucy H. Koh_____
LUCY H. KOH
United States District Judge

3

Case No.: 13-CV-01555-LHK
ORDER TO SHOW CAUSE

United States District Court
For the Northern District of California